AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Brian Miguel Castro-Martinez<br><br>*Defendant(s)* | Case No.  3:24-mj-70741 MAG |

FILED
May 16 2024
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  April 30, 2024  in the county of  San Francisco  in the  Northern  District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1), (b)(1)(C) | Possession of a Schedule II controlled substance with intent to distribute<br>Maximum penalties:<br>Imprisonment: 20 years (21 USC 841(b)(1)(C))<br>Fine: $1 million (21 USC 841(b)(1)(C))<br>Supervised Release: Min. 3 years - Max. life (21 USC 841(b)(1)(C))<br>Special Assessment: $100 (18 USC 3013(a)(2)(A))<br>Forfeiture: 21 USC 853(a) I Deporatation I  Denial of Federal Benefits |

This criminal complaint is based on these facts:

Please see attached Affidavit of DEA TFO and Sergeant Domenico Discenza (SFPD).

☑ Continued on the attached sheet.

/s/ Dominico "Nico" Discenza
*Complainant's signature*

Approved as to form  /s/ Jina Choi
AUSA  Jina Choi

Dominico "Nico" Discenza, Sergeant SFPD
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 05/15/2024

*Judge's signature*

City and state: San Francisco, California

Sallie Kim, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT AND CRIMINAL COMPLAINT

I, Domenico Discenza, a Task Force Officer with the Drug Enforcement Administration, having been duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging Brian Miguel Castro-Martinez ("CASTRO-MARTINEZ") with 21 U.S.C. §§ 841(a)(1), (b)(1)(C) based on his possessing with the intent to distribute a mixture or substances containing a detectable amount of methamphetamine on April 30, 2024, in San Francisco, California, in the Northern District of California.

### SOURCES OF INFORMATION

2. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records are referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3. Because this affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included each and every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

### AFFIANT BACKGROUND

4. I am a Sergeant at the San Francisco Police Department ("SFPD") and have worked as a sworn officer for the SFPD for approximately 25 years. I have been assigned as a

Sergeant at the SFPD Narcotics Unit since March 2023, and prior to that was a Sergeant at the Strategic Investigations/Homicide Detail for approximately nine years. I am a sworn Task Force Officer ("TFO") for the Drug Enforcement Administration ("DEA"). I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7). I am empowered by law to conduct investigations, to execute search warrants, and to make arrests for offenses of federal law, including drug offenses.

5. In the police academy and at SFPD Detective School, I received narcotics-related and narcotics investigations training, covering all aspects of drug investigations, including identification of controlled substances, physical surveillance, utilization of confidential sources, interview techniques, undercover operations, and the general operation of drug trafficking organizations. During my career, I have received hundreds of hours of continuing education training in law enforcement investigations, including training on drug trafficking investigations and specifically, fentanyl investigations.

6. During my employment at SFPD, I have participated in many controlled substance investigations. I have discussed the methods and practices used by drug traffickers with other law enforcement officers. I have also had conversations with drug users and sellers over the course of my career. I have also participated in many aspects of drug investigations including, but not limited to, undercover operations, records research, physical surveillance, and the execution of federal and state search warrants and arrest warrants that resulted in the arrest of suspects and seizure of controlled substances. I have reviewed numerous reports related to drug investigations and arrests. I have also prepared search warrants and arrest warrants related to various crimes against persons investigations.

7. Based on my training and experience, as well as conversations I have had with drug dealers, informants, and experienced law enforcement officers, I have become familiar with the practices of narcotics traffickers. Specifically, I am familiar with methods that traffickers use to smuggle, safeguard, transport, and distribute narcotics, and to collect and launder the proceeds of drug trafficking.

8.  I have also had discussions with other law enforcement officers about the packaging and preparation of narcotics, the methods of operation, and security measures that are often employed by narcotics traffickers. I have examined documentation of various methods in which fentanyl and methamphetamine and other illicit drugs are smuggled, transported, possessed with intent to distribute, and distributed. I am familiar with the appearance of marijuana, heroin, cocaine, methamphetamine, fentanyl, and other controlled substances.

9.  I am familiar with the facts and circumstances of the investigation through my participation in it based on several investigative techniques, including discussions with agents and officers from other law enforcement agencies, and review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the statement is not being recounted verbatim but instead only in substance and in part. Facts not set forth herein, or in any attached exhibits, are not being relied on in reaching my conclusion that the requested order should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

## APPLICABLE STATUTE

10.  Under 21 U.S.C. § 841(a)(1), it is unlawful for any person to knowingly possess with intent to distribute a federally controlled substance. Under 21 C.F.R. § 1308.12, fentanyl, methamphetamine, heroin, cocaine salt and cocaine base are Schedule II controlled substances.

## STATEMENT OF PROBABLE CAUSE

11.  On April 30, 2024, CASTRO-MARTINEZ was arrested by SFPD officers around 425 Eddy Street (Eddy between Leavenworth and Hyde Streets) in the Tenderloin Neighborhood in San Francisco, California, in the Northern District of California. Based on the facts described below, there is probable cause to believe that CASTRO-MARTINEZ violated 21 U.S.C. §§ 841(a)(1), (b)(1)(C), based on his possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine.

12.  At approximately 23:40 hours on April 30, 2024, Tenderloin police officers were working in a SFPD uniformed capacity and driving a marked police vehicle. Officer Paloma Ospital was informed by Officer Coss and Officer Naderi that they had observed a known

3

subject, identified as Brian CASTRO-MARTINEZ, on the 400 block of Eddy Street, in violation of a stay order which prohibits CASTRO-MARTINEZ from being within 150 Yards of Eddy Street and Leavenworth Street. This is a known drug area in San Francisco where a wide variety of controlled substances are bought, sold, and consumed. Officer Ospital conducted a computer check and verified the stay away order (SF Court #23020864). The stay away order stemmed from an arrest on 12/20/2023 and the subsequent state prosecution of CASTRO-MARTINEZ for a drug possession for sales case of cocaine, cocaine base and heroin, in the area of Eddy Street and Leavenworth.

13. Officer Ospital queried CASTRO-MARTINEZ's San Francisco mugshot to familiarize herself with what the suspect looked like. Also, a description of CASTRO-MARTINEZ clothing was provided to officers as wearing a blue puffy jacket, a blue surgical mask, and a black beanie.

14. At approximately 23:40 hours, SFPD Officers located CASTRO-MARTINEZ in front of 425 Eddy Street while he was walking a scooter. CASTRO-MARTINEZ was arrested, and Officer Coss confirmed the officers had the correct suspect.

15. Officer Ospital conducted an arrest search of CASTRO-MARTINEZ and located several plastic baggies of illicit narcotics, a cell phone and U.S. Currency. Cell phones are commonly used by drug dealers to contact purchasers, to coordinate their drug deals and communicate with their source and supply. The drugs were packaged in bulk and for individual sales. CASTRO-MARTINEZ did not have any ingesting paraphernalia on his person. CASTRO-MARTINEZ was then walked back to Tenderloin Station, located at 301 Eddy Street.

16. Officer Tumurchudur sorted, weighed, tested, and inventoried the seized narcotics from CASTRO-MARTINEZ's person, with the following total results.

   a. 27.1 gross grams of cocaine base (crack) tested presumptive positive.
   b. 38.5 gross grams of suspected methamphetamine tested presumptive positive.
   c. 13.9 gross grams of suspected cocaine HCL (salt) tested presumptive positive.
   d. 30.3 gross grams of suspected heroin (not tested).

17. In CASTRO-MARTINEZ's possession was U.S. currency in the amount of $1850.00 in various denominations which included one $50 dollar bill, eighty-one (81) $20 dollar bills, four (4) $10 dollar bills, twenty (20) $5 dollar bills and forty (40) $1 dollar bills. I am aware that suspects involved in drug sales will have a variety of U.S. Currency from the sales which is stored in various amounts and used to provide change.



18.  Based on my knowledge training, experience, and consultation with other officers I am aware that those engaged in distribution, sales or furnishing will have multiple types of drugs to serve their customers. This is supported by the variety of drugs possessed by CASTRO-MARTINEZ.

19.  CASTRO-MARTINEZ's identity was confirmed through fingerprints.

20.  Based on my knowledge, training, experience, and consultation with other officers, I believe the multiple drugs possessed (cocaine, cocaine HCL, methamphetamine, and heroin) were possessed with the intent to distribute a controlled substance. This was reinforced by the manner of packaging and quantity, various denominations of U.S. Currency, and the cell phone. This conclusion is reinforced by the fact that CASTRO-MARTINEZ was in an area where drugs are known to be bought, sold, and consumed at all hours of the day and night.

## CONCLUSION

21.  Based on the information above, there is probable cause to believe that on or about April 30, 2024, MARTINEZ-CASTRO violated 21 U.S.C. §§ 841(a)(1), (b)(1)(C), based on his possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine.  Accordingly, I respectfully request that the Court issue a criminal complaint and a warrant for his arrest.

/s/
Domenico Discenza
Task Force Officer
Drug Enforcement Administration

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on May 15, 2024.

_Sallie Kim_
HONORABLE SALLIE KIM
United States Magistrate Judge

2090-9967-9745, v. 1